**STATE OF MAINE**
Lincoln, ss.

**SUPERIOR COURT**
**LOCATION: Wiscasset**
**Civil Action**
**DOCKET NO. RE-2015-20**
**Real Estate**

| | |
|---|---|
| Nationstar Mortgage LLC | ) |
| | ) |
| Plaintiff | )JUDGMENT OF FORECLOSURE |
| | )AND SALE |
| vs. | ) |
| | ) |
| Mark Woodman and Clancy Woodman f/k/a Clancy Morton | )TITLE TO REAL ESTATE IS INVOLVED |
| | ) |
| Defendants | ) |
| | ) |
| | )MORTGAGED PREMISES: |
| Alliance of Maine Federal Credit Union | )250 Goose Hill Road |
| | Jefferson, ME 04348 |
| Party-In-Interest | )Book 3440, Page 131 |
| | ) |

This matter came before the Court on Plaintiff's Complaint of Foreclosure and Sale after Trial. Judgment is granted for Plaintiff. Based upon the pleadings and testimonies, the Court finds as follows:

1.      That Defendants have breached the condition of Plaintiff's mortgage deed dated February 8, 2005, and recorded in the Lincoln County Registry of Deeds Book 3440, Page 131 securing 250 Goose Hill Road, Jefferson, ME 04348.

2.      That Plaintiff is owed the following under its Note and Mortgage:

| | | |
|---|---|---|
| Principal: | $ | 126,702.00 |
| Accrued Interest: | $ | 18,116.37 |
| Escrow Advance: | $ | 8,453.06 |
| Corporate Advance: | $ | 7,087.52 |
| Total: | $ | 160,358.95 |

a) additional reasonable expenses incurred by Plaintiff after June 7, 2016, in connection with this action, including the completion of the foreclosure or in connection with a redemption;

b) additional prejudgment interest accruing on said principal balance after June 7, 2016 at the rate of 4.625% per annum pursuant to the note and post judgment interest rate of 6.65% pursuant to 14 M.R.S.A. § 1602-C.

c) any amounts advanced by Plaintiff to protect its mortgage security.

3.     The order of priority of the claims of the parties to this action is as follows:

FIRST:     The Plaintiff, by virtue of its mortgage in the above amounts and attorney's fees.

SECOND:     Alliance of Maine Federal Credit Union pursuant to a Mortgage and Subordination Agreement in the amount of $43,446.87 as of September 15, 2015 according to the Affidavit in Support of its priority position.

THIRD:     The Defendants

4.     The Plaintiff's claim for attorney's fees is integral to the relief sought, within the meaning of Rule 54 (b) (2) M.R.Civ.P., and there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for expenses incurred by Plaintiff for the following reasons:

(a)     Upon entry of this judgment, the time periods under 14 M.R.S.A. § 6322 and § 6323 will begin to run even though this judgment, if not entered as final, is subject to later revision;

(b)     The Plaintiff and any bidders at the foreclosure sale will be exposed to some risk and the sales results prejudiced if the judgment is subject to later revision;

(c)     Any dispute regarding Plaintiff's claim for expenses may be resolved by Defendants filing a motion contesting Plaintiff's Report of Sale pursuant to 14 M.R.S.A. §6324.

WHEREFORE, it is hereby ordered and decreed that if Defendants do not pay the Plaintiff the amount due, together with accrued interest and late charges as set forth above, within ninety days of the date hereof, Plaintiff shall sell the mortgaged real estate pursuant to 14 M.R.S.A. §6323. and disburse the proceeds of said sale after deducting the expenses thereof, to the Plaintiff in the amount due on its mortgage and attorney's fees and costs, and the surplus, if any, as outlined in paragraph 3 above.

This judgment does not seek any personal liability of the Defendants as affected by any bankruptcies filed but only seeks an In Rem Judgment against the property.

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety (90) day redemption period and Defendants are Ordered to vacate the real estate at that time if Defendants have not by that date redeemed the real estate in accordance with statutory procedure. A Writ of Possession shall be issued to Plaintiff for possession of said real estate if it is not redeemed, as aforesaid.

The following provisions are set forth pursuant to 14 M.R.S.A. §2401:

1.     The names and addresses, if known, of all parties to the action, including the counsel of record, are set forth in Schedule A attached hereto.

2.     The docket number is RE-2015-20.

3.	The Court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4.	A description of the real estate involved is set forth in Schedule B attached hereto.

5.	The Plaintiff is responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to Rule 54(b) (1), except as to expenses incurred by Plaintiff after June 7, 2016, and the Plaintiff shall specify expenses incurred after June 7, 2016, in its Report of Sale, which shall be deemed a timely application for award of additional attorney fees, notwithstanding the requirements of M.R.Civ.P. 54(b)(3) to file such application within 60 days after judgment. Defendants may contest the Report of Sale and application for additional attorney fees by filing a motion pursuant to 14 M.R.S.A. §6324.

The Clerk is specifically directed pursuant to M.R.Civ.P. Rule 79 (a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

DATED:	6-7-16

Justice, Superior Court
Daniel Billings

Date entered in the docket book: 6/8/16

## SCHEDULE A

| | PARTIES | COUNSEL |
|---|---|---|
| **PLAINTIFF** | Nationstar Mortgage LLC | John A. Doonan, Esq.<br>100 Cummings Center,<br>Suite 225D<br>Beverly, MA 01915 |
| **DEFENDANTS** | Clancy Woodman f/k/a<br>Clancy Morton<br>4 South Road<br>Damariscotta, ME 04543 | Pro Se |
| | Mark Woodman<br>287 Main Street<br>Damariscotta, ME 04543 | Pro Se |
| **PARTY-IN-INTEREST** | Alliance of Maine Federal<br>Credit Union | Christopher L. Brooks, Esq.<br>Norman Hanson & DeTroy LLC<br>Two Canal Plaza<br>P.O. Box 4600<br>Portland, ME 04112 |

Schedule B

(250 Goose Hill Road, Jefferson, Lincoln County, Maine)

A certain lot or parcel of land, with the buildings thereon, situated in Jefferson, County of Lincoln and State of Maine, bounded and described as follows:

BEGINNING at a point on the east side of Goose Hill Road at the end of a stone wall formerly the boundary line between A. Bow and Brochu; THENCE northerly along the side line of said road 192.4 feet, more or less, to iron rod set at true point of beginning; THENCE, continuing along said side line of road 232.1 feet, more or less, at a course N10°00'W to an iron rod set for a corner; THENCE, at right angles on a course N80°00'E 187.7 feet, more or less, to a point; THENCS, at right angles 232.1 feet, on a course S10°00'E more or less, to a point; THENCE, at right angles westerly 187.7 feet, more or less, on a course S80°00'W to the point of beginning.

The above legal description was taken from a plot plan prepared by Mark W. Ingraham, II entitled "Plan of and for G. Victoria Brochu in the Town of Jefferson, Lincoln County, Maine". Scale 1" = 50' RLS #1339.